IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABDULLAH L. HA'MIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:05-0358 |
| vs. ) | JUDGE ECHOLS / KNOWLES |
| ) | |
| ) | |
| MONTGOMERY COUNTY SHERIFF'S, ) | |
| NORMAN LEWIS, LT. ARMSTRONG, ) | |
| DEP. DENNY, SGT. REYNOLDS, ) | |
| DEP. SMOTHERS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendants' Motion to Dismiss. Docket Entry No. 15.

Plaintiff has filed a "Motion for Dismissal Without Prejudice and Untimely Filing" (Docket Entry No. 19), which has been docketed as a Response in Opposition to Defendants' Motion to Dismiss, and which the Court will construe as such.

Plaintiff, who at all times relevant to the case at bar was an inmate in the custody of the Montgomery County Jail, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment rights of Freedom of Religion. Docket Entry No. 1. Plaintiff sues Montgomery County Sheriff Norman Lewis, "Lt. Armstrong," "Chaplain Ted Denny," "Sgt. Reynolds," and "Sgt. Smothers," in their individual and official capacities.

1

*Id.*

Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.[1] *Id.* Plaintiff asks that Defendant Lewis "be ordered to ... assure [*sic*] staff be qualified and to adhere to guidelines that allow Muslim worship services," that Defendant Armstrong "contract with Muslim Imams as he contracts with other faiths and/or allow all qualified inmate Imams to perform Islamic rites regardless of localized ideas of [*sic*] traditions," that Defendant Denny "be ordered to attend Sensitivity classes of comparative study on the similarities of Religions outside his own as opposed to complete misinformation and disregard for other Faith and Beliefs aside from his own," and that "both Sgt. Reynolds and Smothers be ordered to study their own faiths and show tolerance towards others who may view differently w/o deprivation or disrespect." *Id.* (Capitalization original).

Plaintiff filed an application to proceed in forma pauperis (Docket Entry No. 2), which was granted by Judge Echols (Docket Entry No. 4). Judge Echols' Order also determined that Plaintiff's case was not facially frivolous, directed that process should issue, and referred this case to the undersigned. Docket Entry No. 4.

Defendants filed the instant Motion to Dismiss on July 22, 2005. Docket Entry No. 19. Defendants argue, *inter alia*, that Plaintiff's claims against them should be dismissed because Plaintiff's Complaint does not contain any allegations against them. *Id.*

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

---

[1] Although it is somewhat unclear, Plaintiff appears to seek $50,000 in compensatory damages and $100,000 in punitive damages from Sheriff Lewis, and $25,000 in compensatory damages and $75,000 in punitive damages from Lt. Armstrong. *See* Docket Entry No. 1.

## II. Facts[2]

Plaintiff's Statement of Facts in his Complaint avers in its entirety as follows:

> that since early 2003 and Petitioner/Plaintiff's arrival at Montgomery County Jail/Workhouse, Religious deprivation, Official Oppression. Discrimination, Willful Neglect, Threats of retaliation for seeking relief from Official Misconduct and Violation of State and U.S. Constitutional statutes have been ongoing by Staff and other Sworn Officials of the Montgomery County Sherriffs' [sic] Dept. while "serving under colors."  To wit: That the Rule and Handbook for MCSD states on pg 35 @ Line #2 Religious Services for Muslims on Friday as is the sanction of Muslim Holy Book i.e. Holy Quran and observed by over 1 billion Muslims on Planet Earth - in fact are not allowed by Montgomery Co. Sherriff [sic] Officials - Violation of 1st Amendment Protection - [TCA 41-21-211 - Furnishes Bibles for Christions [sic] but NO Qurans for Muslims] MCDS's Official preference for localized forms of Religion over Non-Localized forms is illegal - The Right to exercise Freedom of Religion is Protected by State and Federal Statutes.  The right to discuss and inform People of Advantages or Disadvantages of certain ideas is Protected not only as a Part of equal and free assembly but also as a part of Free Speech.  ALL Denominations and Faiths are given the opportunity and space to come together for Worship Services while those of the Islamic Faith are denied these same avenues - is clear improper application of Law -

Docket Entry No. 1 (Captialization and punctuation original).

## III. Analysis

### A. Standard of Review:  Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  The purpose of this rule is to permit a defendant to test

---

[2] Unless otherwise noted, the following "facts" are taken from Plaintiff's Complaint. Docket Entry No. 1.

whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

4

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his First Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Entry No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C. The Case at Bar**

**1. Damages**

Plaintiff sues Defendants in their individual and official capacities. Docket Entry No. 1.

5

As an initial matter, section 1983 liability cannot be predicated upon the theory of *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996). In order for Defendants to be held liable in their individual capacities, therefore, Plaintiff must demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated Plaintiff's rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-74 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

In the case at bar, Plaintiff argues generally that he has not been permitted to worship in accordance with his faith. *See* Docket Entry No. 1. Taking Plaintiff's allegations as true, as the Court must do, Plaintiff fails, however, to demonstrate personal involvement by any of the Defendants in the conduct which allegedly violated his rights. Because Plaintiff has not alleged any facts to support an argument that any of the Defendants "personally condoned, encouraged, or participated in" anything pertaining to Plaintiff's claims, Defendants cannot be held

6

personally liable.

With regard to Plaintiff's official capacity claims against Defendants, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. In order for the public entity to be subject to liability under § 1983, the plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 41 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978) (In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.).

Inasmuch as Plaintiff brings the instant § 1983 claim against Defendants in their official capacities, Defendants stand in the shoes of the entity they represent (*see Claybrook*, 199 F.3d at 355 n.4), which is Montgomery County. Plaintiff's claims, therefore, must be evaluated under the foregoing standards of liability. *City of Canton*, 489 U.S. at 387-88. Thus, in order to withstand this aspect of Defendants' Motion to Dismiss, Plaintiff must allege facts that show or

7

imply the existence of a constitutionally deficient Montgomery County official policy or custom. *Id*.

Plaintiff, in his Complaint, conclusorily states that although the Montgomery County Sheriff's Department "Rule and Handbook" provides on page 35, line 2 for religious services for Muslims, those services "in fact are not allowed." Docket Entry No. 1. Although Plaintiff so avers, Plaintiff has not specifically alleged any facts relating to an official policy or custom of Montgomery County that caused him injury. Accordingly, Plaintiff has failed to state a viable claim against Defendants in their official capacities.

### 2.  Injunctive Relief

Plaintiff also seeks general and specific injunctive relief. Plaintiff seeks an injunction "to halt all deprivation of Al-Islam in Montgomery County Jail." Docket Entry No. 1. He asks that Sheriff Norman Lewis "be ordered to follow Constitutional Law - (State and Federal) and assure [*sic*] staff be qualified and to adhere to guidelines that allow Muslim worship services." *Id.* Plaintiff also asks that Lt. Armstrong "Contract with Muslim Imams as he contracts with other faiths and/or allow qualified inmate Imams to perform Islamic rites regardless of localized ideas of traditions." *Id.* He further asks that Chaplain Ted Denny "be ordered to attend Sensitivity classes of comparative study on the similarities of Religions outside his own as opposed to complete misinformation and disregard for other Faith and Beliefs aside from his own." *Id.* Finally, Plaintiff asks that Sgts. Reynolds and Smothers "be ordered to study their own faiths and show tolerance towards others who may view differently w/o deprivation or disrespect." *Id.*

Plaintiff is now in the custody of the Tennessee Department of Correction ("TDOC").

His transfer from the Montgomery County Jail to the TDOC system moots his request for injunctive relief. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Thus, Plaintiff's request for injunctive relief should be DENIED as MOOT.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge