UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABDULLAH L. HA'MIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 3:05-0358 |
| MONTGOMERY COUNTY SHERIFF'S, | ) JUDGE ECHOLS |
| NORMAN LEWIS, LT. ARMSTRONG, | ) |
| DEP. DENNY, SGT. REYNOLDS, | ) |
| DEP. SMOTHERS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") entered September 13, 2005 (Docket Entry No. 20), to which no objection has been filed. The Magistrate Judge recommends that Defendants' Motion to Dismiss (Docket Entry No. 15) should be granted and this case should be dismissed.

Having conducted an independent review, the Court finds the Magistrate Judge's recommendations in the R&R should be ACCEPTED IN PART and REJECTED IN PART. 28 U.S.C. § 636(b)(1). Accordingly, Defendants' Motion to Dismiss is hereby GRANTED IN PART and DENIED IN PART.

The R&R is REJECTED IN PART to the extent the Magistrate Judge concluded that *pro se* Plaintiff Abdullah L. Ha'min "has not specifically alleged any facts relating to an official policy or custom of Montgomery County that caused him injury." (Docket Entry No. 20, R&R at 8.) As the Magistrate Judge recognized, Plaintiff

1

specifically alleged the Montgomery County Sheriff's Department adopted a policy in its "Rule and Handbook" at page 35, line 2, providing for Muslim worship services, but Plaintiff further alleged such services were not permitted in accordance with the express policy. Additionally, Plaintiff alleged that the Montgomery County Sheriff's Department exercised an "Official preference for localized forms of Religion over Non-Localized forms[.]" He also alleged that a Tennessee state statute, Tenn. Code Ann. § 41-21-211, requires dissemination of Bibles to prisoners, but does not likewise require distribution of the Holy Quran to Muslim prisoners.

Thus, Plaintiff's allegations that the Montgomery County Sheriff's Department adopted, but failed to follow, an official policy permitting prisoner Muslim worship services and that the Sheriff's Department exercised an official preference for certain forms of religion over others are sufficient to state a claim for violation of the First Amendment such that Defendants should be required to respond to these allegations of the Complaint. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (recognizing "[i]nmates clearly retain protections afforded by the First Amendment, including free exercise of religion, although the exercise of such constitutional rights must bend to prison regulations that are reasonably related to legitimate penological

2

interests); Spies v. Voinovich, 173 F.3d 398, 402-407 (6th Cir. 1999) (same).

Although Plaintiff alleges that his First Amendment rights have been violated "since early 2003[,]" Defendants correctly point out in their Motion to Dismiss that Plaintiff's claim is subject to the one-year statute of limitations for civil rights actions. Tenn. Code Ann. § 28-3-104; Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). A claim accrues when the Plaintiff knows or has reason to know of his injury. Sevier, 742 F.2d at 272. Plaintiff would have known he was denied the opportunity to participate in a Muslim worship service at the time such denial occurred. The postmark on the envelope in which Plaintiff sent his *pro se* Complaint to the Court reveals that Plaintiff placed the Complaint in the hands of prison officials for mailing on April 21, 2005. See Houston v. Lack, 487 U.S. 266 (1988). Thus, any claim of a First Amendment violation that occurred before April 21, 2004, is time-barred and will not be considered.

The R&R is ACCEPTED IN PART because the Court agrees with the Magistrate Judge that Plaintiff failed to allege sufficient facts to proceed against the named individual Defendants in their individual capacities; the suit against the individual Defendants in their official capacities is equivalent to a suit against the governmental entity, Abdur-Rahman v. Michigan Dept. of Corrections, 65 F.3d 489, 491 (6th Cir. 1995); and Plaintiff's demand for

3

injunctive relief is moot because Plaintiff was transferred to a state correctional facility.  See id.

Accordingly, for the reasons stated, the Magistrate Judge's R&R is hereby ACCEPTED IN PART and REJECTED IN PART, and Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

This case is hereby returned to the Magistrate Judge under the original Order of Reference.  (See Docket Entry No. 4).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE